STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2020 KA 0985

STATE OF LOUISIANA

VERSUS

TIMOTHY PAUL PUGH

*Judgment Rendered:* FEB 1 9 2021

********

Appealed from the 19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Suit No. 05-16-0672

The Honorable Bonnie Jackson, Judge Presiding

********

Hillar C. Moore, III                     Counsel for Plaintiff/Appellee
District Attorney                        State of Louisiana
Allison Miller Rutzen
Assistant District Attorney
Baton Rouge, Louisiana


Holli Herrle-Castillo                    Counsel for Defendant/Appellant
Marrero, Louisiana                       Timothy Paul Pugh


********

BEFORE: GUIDRY, McCLENDON, AND LANIER, JJ.

**LANIER, J.**

The defendant, Timothy Paul Pugh, was charged by bill of information with armed robbery (with use of a firearm), violations of La. R.S. 14:64 and La. R.S. 14:64.3 (count 1); aggravated criminal damage to property, a violation of La. R.S. 14:55 (count 2); and possession of a firearm by a convicted felon, a violation of La. R.S. 14:95.1 (count 3).[1] The defendant pled not guilty to all counts. Trial commenced, the jury became deadlocked, and the trial court declared a mistrial. At his second jury trial, the defendant was found guilty on all charges by an eleven-to-one verdict on each count. On count 1, the defendant was sentenced to fifteen years imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence, plus the enhanced penalty of five years imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence, to be served consecutive to the fifteen-year sentence. On count 2, the defendant was sentenced to five years imprisonment at hard labor. This sentence on count 2 was ordered to run consecutive to count 1 sentence, but concurrent to the sentence on count 3. On count 3, the defendant was sentenced to ten years imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence. This sentence was ordered to run concurrently with the other sentences. The defendant now appeals, designating two assignments of error. In his first assignment of error, the defendant challenges his convictions by non-unanimous jury verdicts. In his second assignment of error, the defendant argues the trial court erred in denying his motion for new trial based on an improperly constituted jury venire.

In **Ramos v. Louisiana,** __ U.S. __, __, 140 S.Ct. 1390, 1397, 206 L.Ed.2d 583 (2020), the United States Supreme Court overruled **Apodaca v. Oregon,**[2] 406

---

[1] The defendant had also been charged with illegal use of weapons or dangerous instrumentalities, a violation of La. R.S. 14:94, but prior to trial, the State dismissed this charge.

[2] Oregon's non-unanimous jury verdict provision of its state constitution was challenged in **Apodaca.** **Johnson v. Louisiana,** 406 U.S. 356, 92 S.Ct. 1620, 32 L.Ed.2d 152 (1972), decided

U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972), and held that the right to a jury trial under the Sixth Amendment of the United States Constitution, incorporated against the States by way of the Fourteenth Amendment of the United States Constitution, requires a unanimous verdict to convict a defendant of a serious offense. The **Ramos** Court further noted that its ruling applied to those defendants convicted of felonies by nonunanimous verdicts whose cases are still pending on direct appeal. **Ramos**, 140 S.Ct. at 1406.

Accordingly, all of the defendant's convictions and sentences are set aside, and the case is remanded for a new trial. The other issue raised on appeal is rendered moot.

**CONVICTIONS AND SENTENCES SET ASIDE; REMANDED FOR NEW TRIAL.**

---

with **Apodaca**, upheld Louisiana's then-existing constitutional and statutory provisions allowing nine-to-three jury verdicts.